AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

**ORDER OF DETENTION PENDING TRIAL**

ARTURO APOLINAR

Case Number: 09-20273-1

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
     ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
     ☐ an offense for which the maximum sentence is life imprisonment or death.
     ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

_____.*

     ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
     ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
     ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

Defendant is 56 year old citizen of Cuba who has no ties to this district or to this country. He has no known residences in Florida or in this district. He is neither employed  in Florida nor in this district. His wife and his entire family live in Cuba and he has a valid Cuban passport.. He required an interpreter during the court proceedings. The defendant travels frequently to Cuba, and in fact was arrested upon deplaning in Miami on a flight from Cuba.
        CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 1, 2009 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE

*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ARTURO APOLINAR   09-20273-1                                    PAGE 2

The Defendant came to the United States in 1994 and is legally a resident of the United States; however, if convicted of a felony offense, he may be subject to removal proceedings for violations of the immigration act.  The United States does not have any extradition agreements with Cuba.

The Defendant is charged with conspiracy to commit health care fraud, health care fraud, aggravated identity theft, aiding and abetting and is allegedly subject to criminal forfeiture.  His name appears on all of the allegedly fraudulent clinic documents  and the related bank account.  The investigation reveals that the clinic which is the subject of the alleged fraud employs one physician who denied knowing defendant or ever meeting defendant.  The weight of the evidence clearly implicates this defendant in this case.  Defendant faces a minimum of 45 months if convicted as he is charged in five counts in a five count indictment.  The charges are of a nonviolent nature and defendant has no known prior criminal history.  He therefore does not pose a danger to the community, outside of the allegations in the instant case.

However Defendant poses a risk of flight.  He apparently has funds (he is alleged to have wired $46,000 to a bank account in Canada just prior to his return and arrest).  He has no family ties to this jurisdiction or to any jurisdiction in this country.  He is unemployed, and claims to be homeless; yet he has funds and bank accounts.  The nature of the offense charged (Aggravated Identity Theft and Fraud), combined with his lack of stable residence, lack of employment, lack of any ties of any nature to this jurisdiction or to this country all make him a risk of nonappearance.  There is no condition or combination of conditions that would assure this defendant's appearance at court.  Therefore Detention is Ordered.